**KRISS & FEUERSTEIN LLP**    **Hearing Date: December 19, 2023, at 10:00 a.m.**
Jerold C. Feuerstein, Esq.        **Objection Deadline: December 12, 2023, at 5:00 p.m.**
Daniel N. Zinman, Esq.
Stuart L. Kossar, Esq.
360 Lexington Avenue, Suite 1200
New York, NY 10017
(212) 661-2900 – telephone
(212) 661-9397 – facsimile
jfeuerstein@kandfllp.com
skossar@kandfllp.com
dzinman@kandfllp.com

*Attorneys for 4452 Broadway 1 LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                              Chapter 11

      4452 Broadway Mazal LLC,        Case No. 23-11832-lgb

                          Hon. Lisa G. Beckerman
             Debtor.      United States Bankruptcy Judge

------------------------------------------------------------x

## <u>NOTICE OF MOTION</u>

     **PLEASE TAKE NOTICE**, that 4452 Broadway 1 LLC (the "<u>Secured Creditor</u>"), secured creditor of the above captioned debtor and debtor in possession, 4452 Broadway Mazal LLC (the "<u>Debtor</u>"), the Secured Creditor will move (the "<u>Motion</u>") at a remote hearing by using the Zoom for Government® videoconferencing platform hearing before the Honorable Lisa G. Beckerman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004-1408, Courtroom 623, on December 19, 2023 at 10:00 a.m., or as soon thereafter as counsel can be heard for the entry of an Order: (i) pursuant to 11 U.S.C. §§101(51B) and 105 declaring the Debtor to be a single asset real estate business debtor and (ii) granting such further and different relief as the Court may deem just and proper.

     **PLEASE TAKE FURTHER NOTICE**, that a hearing shall be conducted via Zoomgov

pursuant to the court's rules posted at https://www.nysb.uscourts.gov/content/judge-lisa-g-beckerman.  Parties who wish to (i) participate "live" or (ii) listen only to a hearing telephonically may do so without requesting permission from Chambers. Parties must register for the Zoomgov hearing using the eCourtAppearances tool located on the Court's website https://www.nysb.uscourts.gov/ecourts-appearances. Outlook invitations will be sent after 4:00pm the business day before the hearing.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the Motion must be made in writing and received: (i) in the Bankruptcy Clerk's office at the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004-1408, (ii) by the undersigned, Kriss & Feuerstein LLP, 360 Lexington Avenue, Suite 1200, New York, New York 10017; and (iii) by the Office of the United States Trustee, One Bowling Green, Suite 534, New York, 10004-1408 no later than **seven** *(7) days* prior to the hearing date set forth herein.

Dated: New York, New York
      November 30, 2023

                             KRISS & FEUERSTEIN LLP

                             By:    */s/ Jerold C. Feuerstein*
                                       Jerold C. Feuerstein, Esq.
                                         Daniel N. Zinman, Esq.
                                         Stuart L. Kossar, Esq.
                                         360 Lexington Avenue, 12th Floor
                                         New York, New York 10017
                                         (212) 661-2900

TO:

4452 BROADWAY MAZAL LLC        Fred B. Ringel, Esq.
345 Seventh Avenue                  Leech Tishman Robinson Brog PLLC
New York, NY 10001                875 Third Avenue /Ste 9th Flor
Attn: Nir Amsel                     New York, NY 10022

U.S. Trustee
United States Trustee
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408

4452 Broadway Mazal Junior
Mezz. LLC C/O Hap Investment
345 Seventh Avenue
New York, NY 10001

4452 Broadway Mazal Senior Mezzanine LLC
C/O Hap Investments
345 Seventh Avenue
New York, NY 10001

Able Equipment Rental
100 Stamford Place
Stamford, CT 06902

AMR Electrical Contracting
315 Jackson Ave
Bronx, NY 10455

BDG, Inc.
8300 Douglas Avenue, Suite 600
Dallas, TX 75225

Broadway Const. Group LLC
140 Broadway, 41st Floor
New York, NY 10005

Christie Engineering, P.C.
211 Somerville Road
Bedminster, NJ 07921

Corp. Counsel For NYC
100 Church Street
New York, NY 10007

Dagher Engineering, PLLC
29 Broadway
New York, NY 10006

Domani Consulting
68 Whitehall Street
Lynbrook, NY 11563

4452 Broadway Mazal Holding
C/O Hap Investment
345 Seventh Avenue
New York, NY 10001

4452 Broadway Mazal Senior
Mezz LLC C/O Hap Investment
345 Seventh Avenue
New York, NY 10001

A. Esteban and Company
132 West 36th Street
New York, NY 10018

Amir Hasid
26 Vitkin Street
Tel Aviv, Israel

Banay Contracting LLC
61-43 186th Street
Fresh Meadows, NY 11365

Big Apple Testing, Inc.
100-03 94th Avenue
Ozone Park, NY 11416

Carlyle I Douglas Land
Surveying LLC
206 Lenox Road
Brooklyn, NY 11226

Citrin Cooperman & Company LLP
50 Rockefeller Plaza
New York, NY 10020

Con Edison
4 Irving Place
New York, NY 10003

CT Corporation
P.O. Box 4349
Carol Stream, Il 60197

Dl Partners
345 Seventh Avenue
New York, NY 10001

Fire Department Of New York
Metrotech Center
Brooklyn, NY11201

Earthcam Inc.
650 E Crescent Avenue
Saddle River, NJ 07458

First Insurance Funding
1747 Veterans Memorial Hwy, Ste. 22
Islandia, NY 11749

First Service Residential
622 Third Avenue
New York, NY10017

Fischer & Makooi Architects
259 W 30th St., Room 401
New York, NY 10001

Fisher & Makooi Architects
259 West 30th Street, Suite 401
New York, NY 10001

Hakeem Maintenance Serv.
3 West 57th Street
New York, NY 10019

HAP Construction LLC
345 Seventh Avenue
New York, NY 10001

HAP Investments
345 Seventh Avenue
New York, NY 10001

HAP Venture Fund 3 LP
C/O HAP Investment
345 Seventh Avenue
New York, NY10001

Hub International Northeast -
Trust
Po Box 414972
Boston, Ma 02241-4972

Hydrotech Environmental
231 West 29th Street
New York, NY 10001

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Jack Jaffa & Associates Corp.
147 Prince Street
Brooklyn, NY 11201

JM Zoning
225 Broadway,13th Floor
New York, NY 10007

JZN Engineering
99 Morris Avenue
Springfield, NJ 07081

KISAY Construction Services Inc.
205-24 Murdock Avenue
Saint Albans, NY 11412

Langan Engineering, Environ.
Surveying, Landscape Architect
300 Kimball Drive
Parsippany, NJ 07054

LRC Engineering & Surveying DP
160 West Street, Suite E
Cromwell, CT 06416

Mt Group LLC
PO Box 419602
Boston, MA 02241

Nashey Equity LLC
C/O HAP Investment
345 Seventh Avenue
New York, NY 10001

New York City Transit Auth
2 Broadway, Room A1-09
New York, NY 10004

New York State Dept. of Finance
Attn: Bankruptcy Special Proc
PO Box 5300
Albany, NY 12205

Nrai Inc.
1209 Orange Street
Wilmington, DE 19801

NYC Department of Sanitation
125 Worth Street
New York, NY 10013

NYC Dept. of Finance
345 Adams Street, 3rd Fl.
Attn: Legal Affairs
Brooklyn, NY 11201

Open Space Labs Inc.
1533 Sanchez Street
San Francisco, CA 94131

Severud Associates Consulting
Engineers, P.C.
469 Seventh Avenue, 9th Floor
New York, NY 10018

Strategic Inspections
150 Main Street, Suite 2
Port Washington, NY 11050

TSG Reporting, Inc.
228 E. 45th Street, Suite 810
New York, NY 10017

Wolters Kluwer
900 Merchant Concourse, Suite 405
Westbury, NY 11590

Nir Amsel
Rupin 31
Tel Aviv, Israel

NYC Department of Finance
One Centre Street/ 22nd Floor
New York, NY 10007

NYC Dept of Buildings
280 Broadway, 4th Fl.
New York, NY 10007

Office of The Attorney General
28 Liberty Street
New York, NY 10005

Platte, Klarsfeld and Levine
10 East 40th Street, 46th Floor
New York, NY 10016

Smith, Gambrell & Russell
Will Apartment
1301 6th Avenue, 42nd Floor
New York, NY 10019

The Blaikie Group
111 John Street/ Suite 1600
New York, NY10038

US Atty Office -SDNY
86 Chambers Street
Attn: Tax and Bankruptcy
New York, NY 10007

Zetlin & De Chiara LLP
801 Second Avenue
New York, NY 10017

**KRISS & FEUERSTEIN LLP**
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900
(212) 661-9397 – facsimile
Jerold C. Feuerstein, Esq.
Daniel N. Zinman, Esq.
Stuart L. Kossar, Esq.
jfeuerstein@kandfllp.com
dzinman@kandfllp.com
skossar@kandfllp.com

*Attorneys for 4452 Broadway 1 LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 4452 Broadway Mazal LLC, | Case No. 23-11832-lgb |
| Debtor. | Hon. Lisa G. Beckerman<br>United States Bankruptcy Judge |

-----------------------------------------------------------x

### 4452 BROADWAY 1 LLC'S APPLICATION IN SUPPORT OF THE ENTRY OF AN ORDER DESIGNATING THE DEBTOR AS SINGLE ASSET REAL ESTATE

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE:

     4452 Broadway 1 LLC (the "Secured Creditor") a secured creditor and mortgagee of the

Debtor, 4452 Broadway Mazal LLC (the "Debtor"), by and through its attorneys, Kriss &

Feuerstein LLP, respectfully submits this application (the "Application") in support of its Motion

(the "Motion") for the entry of an Order: (i) pursuant to 11 U.S.C. §§101(51B) and 105 declaring

the Debtor to be a single asset real estate business debtor and (ii) granting such further and different

relief as the Court may deem just and proper. In support of its Application, the Secured Creditor

respectfully represents as follows:

1

## PRELIMINARY STATEMENT

1.      The Debtor must be designated as Single Asset Real Estate ("SARE") pursuant to 11 U.S.C. § 101(51B).

2.      First, the Debtor possesses a single property used in connection with a single project located at 4452 Broadway, New York 10040 (Block: 2170; Lots: 62 & 400) (the "Property").

3.      Second, the Property generates all or substantially all of the gross income of the Debtor as its only potential income is from the operation of the property.

4.      Third, the Debtor does not conduct any other business at the Property other than the operation of the Property and activities incidental thereto, as Debtor's only activity involves managing a stalled construction project.

5.      Fourth, the Debtor is not a family farmer.

6.      Finally, the Debtor specifically acknowledged its SARE designation based upon the plain language of the underlying Loan Documents (defined below).

7.      Accordingly, and for the reasons set forth below, Secured Creditor respectfully requests that this Court enter an Order: (i) pursuant to 11 U.S.C. §§101(51B) and 105 declaring the Debtor to be a single asset real estate business debtor; and (ii) granting such further and different relief as the Court may deem just and proper.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 101(51B) and 105(a) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule

2

9014 of the Federal Rules of Bankruptcy Procedure (the "Rules").

## BACKGROUND

**The Loan**

10.    On or about April 29, 2013, the Debtor acquired the Property from KIMSL 4452 Broadway, LLC, pursuant to a Bargain and Sale Deed (the "Deed") recorded in the City Register of the City of New York, County of New York (the "Register's Office") on May 7, 2013 under City Register File Number (CRFN): 2013000183309.  A copy of the Deed is annexed hereto as **Exhibit "A"**.

11.    On January 23, 2019, the Debtor executed, acknowledged and delivered to Secured Creditor an Amended and Restated Note (the "Land Loan Note"), bearing said date, wherein and whereby it was covenanted and agreed that it would repay Secured Creditor, in the principal amount of $10,000,000.00, with interest thereon as set forth in the Note in connection with a commercial loan (the "Land Loan"). A copy of the Land Loan Note is annexed hereto as **Exhibit "B"**.

12.    On January 23, 2019, to secure repayment of the indebtedness evidenced by the Land Loan Note, the Debtor executed, acknowledged, and delivered to Secured Creditor an Amended and Restated Mortgage and Security Agreement (the "Land Loan Mortgage"), encumbering the Property, which was recorded on January 30, 2019 in the Register's Office under CRFN: 2019000034948. A copy of the Land Loan Mortgage is annexed hereto as **Exhibit "C"**.

13.    On January 23, 2019, as further security for the Land Loan Note, Amir Hasid and Nir Amsel (collectively, the "Guarantors" and together with the Debtor, collectively, the "Borrower Parties"), individually, executed, acknowledged, and delivered to Secured Creditor a Conditional Guaranty (the "Conditional Guaranty"), guaranteeing all obligations under the Land

3

Loan to Secured Creditor in the principal amount of $10,000,000.00 and a Debt Service and Carry Guaranty (the "Debt Service and Carry Guaranty" and together with the Conditional Guaranty, the "Land Loan Guarantees" and together with the Land Loan Note, the Land Loan Mortgage, and all other documents executed in connection with the Land Loan, collectively, the "Land Loan Documents), guaranteeing all obligations under the Land Loan to Secured Creditor in the principal amount of $10,000,000.00. Copies of the Land Loan Guarantees are annexed hereto **Exhibit "D"**.

14.    On January 23, 2019, the Debtor executed, acknowledged and delivered to Secured Creditor a Building Loan Note (the "Building Loan Note"), bearing said date, wherein and whereby it was covenanted and agreed that it would repay Secured Creditor, in the principal amount of $35,000,000.00 with interest thereon as set forth in the Note in connection with a commercial loan (the "Building Loan"). A copy of the Building Loan Note is annexed hereto as **Exhibit "E"**.

15.    On January 23, 2019, to secure repayment of the indebtedness evidenced by the Building Loan Note, the Debtor executed, acknowledged, and delivered to Secured Creditor a Building Mortgage and Security Agreement (the "Building Loan Mortgage"), encumbering the Property, which was recorded on January 30, 2019 in the Register's Office under CRFN: 2019000034951. A copy of the Building Loan Mortgage is annexed hereto as **Exhibit "F"**.

16.    On January 23, 2019, as further security for the Loan, the Debtor executed, acknowledged, and delivered to Secured Creditor a Building Loan Agreement (the "Building Loan Agreement"). A copy of the Building Loan Agreement is annexed hereto as **Exhibit "G"**.

17.    On January 23, 2019, as further security for the Building Loan Note, the Guarantors individually, executed, acknowledged, and delivered to Secured Creditor a Conditional Guaranty (the "Conditional Guaranty"), guaranteeing all obligations under the Building Loan to Secured

4

Creditor in the principal amount of $35,000,000.00 and a Debt Service and Carry Guaranty (the "Debt Service and Carry Guaranty" and together with the Conditional Guaranty, the "Building Loan Guarantees" and together with the Building Loan Note, the Building Loan Mortgage, the Building Loan Agreement and all other documents executed in connection with the Building Loan, collectively, the "Building Loan Documents), guaranteeing all obligations under the Land Loan to Secured Creditor in the principal amount of $10,000,000.00. Copies of the Building Loan Guarantees are annexed hereto **Exhibit "H"**.

18.     On January 23, 2019, the Debtor executed, acknowledged and delivered to Secured Creditor a Project Loan Note (the "Project Loan Note"), bearing said date, wherein and whereby it was covenanted and agreed that it would repay Secured Creditor, in the principal amount of $3,000,000.00, with interest thereon as set forth in the Note in connection with a commercial loan (the "Project Loan" and together with the Land Loan, the Building Loan, collectively, the "Loans"). A copy of the Project Loan Note is annexed hereto as **Exhibit "I"**.

19.     On January 23, 2019, to secure repayment of the indebtedness evidenced by the Project Loan Note, the Debtor executed, acknowledged, and delivered to Secured Creditor a Project Mortgage and Security Agreement (the "Project Loan Mortgage"), encumbering the Property, which was recorded on January 30, 2019 in the Register's Office under CRFN: 2019000034954. A copy of the Project Loan Mortgage is annexed hereto as **Exhibit "J"**.

20.     On January 23, 2019, as further security for the Project Loan Note, the Guarantors, executed, acknowledged, and delivered to Secured Creditor a Conditional Guaranty (the "Conditional Guaranty"), guaranteeing all obligations under the Project Loan to Secured Creditor in the principal amount of $3,000,000.00 and a Debt Service and Carry Guaranty (the "Debt Service and Carry Guaranty" and together with the Conditional Guaranty, the "Project Loan

5

Guarantees" and together with the Project Loan Note, the Project Loan Mortgage, and all other documents executed in connection with the Project Loan, collectively, the "Project Loan Documents), guaranteeing all obligations under the Project Loan to Secured Creditor in the principal amount of $3,000,000.00. Copies of the Project Loan Guarantees are annexed hereto **Exhibit "K"**.

21.     On or about May 13, 2020, the Borrower Parties and Secured Creditor entered into a Loan Modification Agreement (the "First Loan Modification Agreement").  A copy of the Loan Modification Agreement is annexed hereto as **Exhibit "L"**.

22.     On or about August 25, 2020, the Borrower Parties and Secured Creditor entered into a Second Loan Modification Agreement (the "Second Loan Modification Agreement"). A copy of the Second Loan Modification Agreement is annexed hereto as **Exhibit "M"**.

23.     On or about July 11, 2022, the Borrower Parties and Secured Creditor entered into a Forbearance Agreement (the "Forbearance Agreement", and together with the Land Loan Documents, the Building Loan Documents, the Project Loan Documents, the First Loan Modification Agreement, Second Loan Modification Agreement, and all other documents executed in connection with the Loans, collectively, the "Loan Documents").  A copy of the Forbearance Agreement is annexed hereto as **Exhibit "N"**.

24.     Pursuant to the Forbearance Agreement, a deed to the Property would be held in escrow by the Secured Creditor provided there was no default under the Forbearance Agreement (See Ex N., at ¶ 6).

**The Default**

25.     The Debtor failed to comply with the terms and provisions of the Loan Documents by, among other things: (i) the failure to discharge and/or bond the following mechanic's liens: (a)

lien in the amount of $52,643.00, filed by Hakeem Maintenance Services, (b) lien in the amount of $1,292,613.51, filed by Broadway Construction Group Inc., (c) lien in the amount of $31,595.00, filed by AMR Electrical Contracting Corp., and (d) lien in the amount of $32,982.44, filed by Able Equipment Rental Inc. against the Property (the "Mechanic's Lien Default") and (ii) the failure to pay the full indebtedness when it became due on the Extended Maturity Date of January 22, 2022 (the "Maturity Default")

26.     In addition, the Debtor defaulted under the terms of the Forbearance Agreement by failing to repay the Loan on or before the Termination Date (as defined in the Forbearance Agreement) (the "Forbearance Default", and together with the Maturity Default and the Mechanic's Lien Default, collectively, the "Defaults").

27.     On November 16, 2023, 500 Summit Avenue Mazal, LLC (an affiliate of the Debtor) filed its own Chapter 11 case (See Case No. 23-11831-lgb).

**The Bankruptcy Case**

28.     On November 16, 2023 , the Debtor filed a Petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the Southern District of New York (Case No. 23-11832) (the "Bankruptcy Case").

29.     The Debtor claims the Bankruptcy Case was filed "out of an abundance of caution to avoid recordation of the Deed" under the Forbearance Agreement [ECF No. 7, at ¶ 5].

30.     Where the Debtor is to describe its business on the Petition, instead of checking the SARE box, the Debtor checked "none of the above" [ECF No. 1].

31.     A meeting of creditors pursuant to 11 U.S.C. § 341 is scheduled for December 21, 2023 [ECF No. 5].

32.     An initial case conference is scheduled for December 19, 2023 [ECF No. 7].

7

33.    To date, the Debtor has not filed any Schedules and/or Statement of Financial Affairs.

## ARGUMENT

### The Debtor is "Single Asset Real Estate" Pursuant to 11 U.S.C. § 101(51B)

34.    The Debtor should be designated to be single asset real estate (a "SARE").[1] If a debtor's estate constitutes SARE, the Bankruptcy Code contains certain restrictions designed to limit the length of the case and the economic imposition that may be placed on creditors whose claims are secured by the debtor's real property. This section was added to the Bankruptcy Code to prevent abuse of the automatic stay, while also giving the debtor an opportunity to create a workable plan of reorganization. Congress was apparently concerned about the delay in the bankruptcy process and the resulting unfairness to secured lenders when single asset real estate projects were involved in enacting § 362(d)(3). *In re LDN Corp.*, 191 B.R. 320, 326 (Bankr. E.D. Va. 1996). As stated in the Senate Report, "[t]his amendment will ensure that the automatic stay provision is not abused, while giving the debtor the opportunity to create a workable plan of reorganization". S.Rep. No. 168, 103rd Cong., 1st Sess. (1993). *Id*. The Court in *LDN Corp*, went on to find that:

> In enacting the amendments relative to single asset real estate cases, Congress has provided for *extraordinary expedition*. *In re Kkemko, Inc*., 181 B.R. 47, 51 (Bankr. S.D.Ohio 1995) ... Representative Brooks, Chairman of the House Judiciary Committee, stated that "[w]ithout bankruptcy reform, companies, creditors, and debtors alike will continue to be placed on endless hold until their rights and obligations are adjudicated under the present system—and that slows down new ventures, new extensions of credit, and new investments". 140 Cong.Rec. 10,764 (1994). Congressman Brooks went on to say that "[w]e have been very careful in striking a balance between creditors and debtors in the legislation". *Id.* Although

---

[1] 11 U.S.C. § 101(51B) defines "single asset real estate" to mean:

> [R]eal property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

> the comments of Congressman Brooks were about the bill as a whole, there is no
> doubt that section 362(d)(3) in particular addresses the concern that debtors with
> little of hope of successfully reorganizing delay the bankruptcy process while
> secured creditors are left helplessly on the sidelines. Congress expressly attempted
> to avoid the usual delays experienced in Chapter 11 in single asset real estate cases,
> which historically have been filed to avoid a foreclosure and in the hope that the
> debtor can come up with some form of a miracle in order to formulate an acceptable
> plan. Congress was persuaded that such delays in single asset real estate cases are
> unwarranted and it passed the amendment to Section 362 in 1994 to provide a
> means to expedite the potential for relief, unless certain conditions are met. The
> unequivocal language of the statute mandates relief from stay in such cases.

See *In re LDN Corp.*, 191 B.R. 320, 326 (Bankr. E.D. Va. 1996).

**A. The Debtor Meets All the Requirements To Be Designated As SARE**

35.    To fall within the SARE definition in most cases, a chapter 11 debtor must satisfy

three conditions. First, a debtor must possess a single property or project. Even multiple properties

may constitute a "single project" when a group of properties have a related connection or purpose

in a common plan or scheme involving their use. *In re The McGreals*, 201 B.R. 736, 742 (Bankr.

E.D. Pa. 1996); see also *In re Philmont Dev. Co.*, 181 B.R. 220, 224 (Bankr. E.D. Pa. 1995)

(interpreting the term "single project" as broad enough to encompass a string of semi-detached

houses).

36.    Here, it is undisputed the Debtor's sole asset is the Property, clearly part of a single

project, as shown by the Loan Documents, to develop and/or obtain income from the Property.

Thus, the Property must be considered a single property or project of the Debtor.

37.    Second, the property must generate all or substantially all of the gross income of a

debtor. The standard for making this determination is whether the debtor's activities are able to

generate revenue separate and apart from the sale or lease of the underlying real estate. *Kara*

*Homes, Inc. v. Nat'l City Bank (In re Kara Homes, Inc.)*, 363 B.R. 399, 406 (Bankr. D.N.J. 2007)

(holding that debtors that were conducting such activities as acquiring land, constructing, and

selling homes were SARE debtors).

38.     Here, the Debtor does not have any income (or potential income) other than that generated from the Property because Debtor's operations consist of nothing more than a stalled construction project.

39.     Third, in order to meet the definition of a SARE, the debtor must not conduct business at the property, other than the operation of the real property and activities incidental thereto, and the debtor must not be considered a family farmer. For instance, purchasing and developing land, planning and constructing homes, and marketing and selling homes are activities incidental to operation of the real estate. *Id.*

40.     Here, the Debtor does not conduct any other activities besides operating the Property.  There is no suggestion that Debtor conducts business at the Property other than the operation of the Property and activities incidental thereto.  Again, the Debtor's activities involve nothing other than a stalled construction project.

41.     As a result, Secured Creditor is entitled to an order designating Debtor as SARE pursuant to 11 U.S.C. § 101(51B).

**B.  Debtor Must be Designated as SARE Pursuant to the Plain Language of the Loan Documents.**

42.     A party who signs a document is bound by its terms. *See Shakir v. Sallie Mae (In re Shakir)*, 2013 Bankr. Lexis 1293 (E.D.N.Y Bankr. 2013); *See Also, Marciana v. DCH Auto Group*, 14 Supp. 3d 322 at 331 (S.D.N.Y. 2014) *citing, Brandywine Pavers, LLC v. Bombard*, 108 A.D.3d 1209 (4th Dep't 2013).   Here, the Debtor specifically warranted in the Land Loan Mortgage, the Building Loan Mortgage, and the Project Loan Mortgage that it is SARE:

> "Mortgagor hereby represents and warrants that the Mortgage Property constitutes "single asset real estate" as defined in, and pursuant to, Section 101(51B) of the United Bankruptcy Code."

10

(*See* **Ex. C**, at ¶ 62, **Ex. F**, at  ¶ 62, **Ex. J**, at ¶62).

43.     Further, pursuant to the Forbearance Agreement, the Debtor ratified all terms and conditions of the Loan Documents (*See* **Ex. N** at ¶ 8(a)).

44.     Based on the foregoing, Debtor is SARE and should be designated accordingly.

## APPLICATION

45.     The Secured Creditor respectfully requests that this honorable Court enter an Order: (i) pursuant to 11 U.S.C. §§101(51B) and 105 declaring the Debtor to be a single asset real estate business debtor and (ii) granting such further and different relief as the Court may deem just and proper.

## WAIVER OF MEMORANDUM OF LAW

46.     As the Motion does not raise any novel issues of law and the legal authority for the requested relief is set forth herein, Secured Creditor respectfully requests that the Court waive any Memorandum of Law requirement contained in the Local Rules of this court.

## RESERVATION OF RIGHTS, NOTICE, PROPOSED ORDER, AND PRIOR NOTICE

47.     The Secured Creditor expressly reserves its right to amend or supplement this Motion, to introduce evidence supporting this Motion at the hearing on the Motion, and to file additional and supplemental responses as Secured Creditor deems advisable.

48.     Notice of this Motion has been provided to the Office of the United States Trustee, Debtor, the Debtor's counsel and to all creditors of the Debtor entitled to notice in this Chapter 11 case.  In light of the nature of the relief requested, Secured Creditor submits that no other or further notices need be provided.

49.     A proposed order is annexed hereto as **Exhibit "O"**.

50.     No previous application for the relief sought herein has been filed before this Court

in this case.

**[SPACE INTENTIONALLY LEFT BLANK]**

4889-8765-7618, v. 3

**WHEREFORE**, the Secured Creditor respectfully requests the entry of an Order: (i) pursuant to 11 U.S.C. §§101(51B) and 105 declaring the Debtor to be a single asset real estate business debtor and (ii) granting such further and different relief as the Court may deem just and proper.

Dated: New York, New York
       November 30, 2023

                    KRISS & FEUERSTEIN LLP
                    *Attorneys for 4452 Broadway 1 LLC*

                    *s/ Jerold C. Feuerstein*
                    Jerold C. Feuerstein, Esq.
                    Daniel N. Zinman, Esq.
                    Stuart L. Kossar, Esq.
                    360 Lexington Avenue, 12th Floor
                    New York, New York 10017
                    (212) 661-2900
                    (212) 661-9397 fax
                    jfeuerstein@kandfllp.com
                    Dzinman@kandfllp.com
                    skossar@kandfllp.com