UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                                              Chapter 11

**4452 BROADWAY MAZAL LLC,**                             Case No.: 23-11832 (LGB)

                                  Debtor.
-----------------------------------------------------------X

ORDER (I) APPROVING DISCLOSURE
STATEMENT, FIXING TIME FOR FILING ACCEPTANCES OR
REJECTIONS OF DEBTOR'S PLAN OF REORGANIZATION
AND FIXING THE TIME FOR THE CONFIRMATION HEARING;
(II) APPROVING BID PROCEDURES, AND (III) GRANTING RELATED RELIEF

4452 Broadway Mazal LLC ("Debtor"), the debtor and debtor in possession herein, having filed with this Court its Joint Plan of Liquidation Proposed by 4452 Broadway Mazal LLC and 4452 Broadway 1 LLC dated February 14, 2024 (ECF No. 76) (as may be amended, "Plan"); and the Debtor having filed its Disclosure Statement for Joint Plan of Liquidation Proposed by 4452 Broadway Mazal LLC and 4452 Broadway 1 LLC dated February 14, 2024 (ECF No. 77), (as may be amended, "Disclosure Statement"); and proof of due and timely service of the Debtor's Motion for Entry of an Order (i) Approving the Disclosure Statement, Fixing Time for Filing of Acceptances or Rejections of the Plan, and Fixing the Time for the Confirmation Hearing ("Confirmation Hearing"); (ii) Approving Bid Procedures, and (iii) Granting Related Relief (the "Motion") having been filed with the Court (ECF No. 41); and AMR Electrical Contracting Corp. and Broadway Construction Group LLC having filed objections to approval of the Disclosure Statement (ECF Nos. 61, 62) (together, "Objections"); and the Debtor having filed

1

its omnibus reply to the Objections (ECF No. 66); and it having been determined by the Court after hearings held on February 8, 2024 and February 14, 2024; that this Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and that good and sufficient notice of the relief sought in the Motion has been given and no further notice is required; and the Court having further determined that the Debtor has articulated good and sufficient reasons for the Court to approve, in conjunction with approval of the Disclosure Statement, the Bid Procedures filed on February 14, 2024 (ECF No. 78); and the Court having further determined that the Disclosure Statement contains adequate information as such term is utilized in 11 U.S.C. § 1125; accordingly, it is

**ORDERED**, that the Objections are overruled and the Disclosure Statement,[1] as amended, be, and the same hereby is, approved as containing adequate information within the meaning of 11 U.S.C. § 1125; and it is further

**ORDERED**, that the Debtor be, and hereby is, authorized to solicit acceptances of the Plan and is directed to transmit a copy of the Plan, the Disclosure Statement, the Plan Supplement, a Ballot conforming to the Official Forms and a copy of this Order (collectively, "Solicitation Package") to all holders of claims and interests not later than February 20, 2024; and it is further

**ORDERED**, that March 20, 2024 at 4:00 p.m. (prevailing Eastern Time) ("Voting Deadline") is fixed as the date and time by which all properly executed and

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

completed ballots to accept or reject the Plan must be actually received at the following address in order for such acceptances or rejections to be counted in determining whether the Plan has been accepted by the classes impaired under the Plan:

> 4452 Broadway Mazal Balloting
> c/o Leech Tishman Robinson Brog, PLLC
> 875 Third Avenue, 9th Floor
> New York, NY 10022
> ATTN: Nathanael Meyers

and it is further

**ORDERED**, that the following types of Ballots shall not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline, (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim, (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan, (iv) any Ballot cast for a Claim identified in the Schedules as unliquidated, contingent, or disputed for which no proof of Claim was timely filed, and (v) any Ballot that is unsigned or without an original signature; and it is further

**ORDERED**, that objections to confirmation of the Plan must:

(a) be in writing;

(b) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) state with particularity the basis and nature of any objection;

(d) conform with the Bankruptcy Rules and the Local Rules;

3

(e) be filed with the Bankruptcy Court by **no later than 4:00 p.m. on March 20, 2024** (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable;

(f) Be served in accordance with General Order M-399 so as to be received no later than **March 20, 2024 at 4:00 p.m.** (the "Plan Confirmation Objection Deadline") and on the following parties:

   i. The attorneys for the Debtor, Leech Tishman Robinson Borg, PLLC, 875 Third Avenue, 9th Floor, New York, New York 10022, (Attn: Fred B. Ringel, Esq.);

   ii. The attorneys for the Mortgage Lender, Kriss & Feuerstein LLP, 360 Lexington Avenue, Suite 1200, New York, New York 10017, (Attn: Jerold C. Feuerstein, Esq.); and

   iii. Office of the United States Trustee – New York Office, One Bowling Greene, Suite 515, New York, New York 1004 (Attn: Tara Tiantian, Esq.);

and it is further

**ORDERED**, that objections to confirmation of the Plan that are not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled; and it is further

**ORDERED**, that the Debtor is authorized to make non-substantive and nonmaterial changes to the Disclosure Statement, the Plan, the Plan Supplement, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among such documents; and it is further

4

**ORDERED**, that the hearing on confirmation of the Debtor's Plan shall commence before the **Honorable Lisa G. Beckerman, United States Bankruptcy Judge** on **March 27, 2024 at 10:00 a.m.**, at the **United States Bankruptcy Court, One Bowling Green, New York, New York 10004**.

**ORDERED**, the Bid Procedures as amended in the form filed with the Court as ECF Number 78 are hereby approved in their entirety, are incorporated herein by reference, and shall govern the bids and proceedings related to the sale of the Debtor's Property and the Auction, subject to the right of the Debtor to modify the terms of the Bid Procedures as provided for in the Bid Procedures. The failure to specifically include or reference any particular provision of the Bid Procedures in the Motion or this Order shall not diminish or otherwise impair the effectiveness of such procedures, it being the Court's intent that the Bid Procedures are approved in their entirety, as if fully set forth in this Order. The Debtor is authorized to take all actions necessary or appropriate to implement the Bid Procedures; and it is further

**ORDERED,** the deadline to submit a Qualified Bid (as defined in the Bid Procedures) for the purchase of the Property is March 13, 2024 at 4:00 p.m. (prevailing Eastern Time) ("Bid Deadline"). The Debtor will notify bidders whether their bids are Qualified Bids by March 15, 2024 at 12:00 p.m. and they can participate in the Auction ("Qualified Bid Designation Deadline"); and it is further

**ORDERED**, as further described in the Bid Procedures, if the Debtor receives two or more Qualified Bids from Qualified Bidders an auction ("Auction") shall be held on **March 18, 2024 at 11:00 a.m. (Eastern Time). The Auction shall be held by**

5

video conference and shall be recorded or transcribed or both. **By submitting a Qualified Bid, each Qualified Bidder consents to the recording of the auction.** The Auction may be adjourned or canceled by the Debtor in the exercise of its reasonable business judgment. Reasonable notice of the time and place for any resumption of the Auction will be given to all Qualified Bidders; and it is further

**ORDERED**, the Debtor is authorized, in the Debtor's discretion, to offer bid protections to a Stalking Horse Bidder who submits a Qualified Bid by seeking approval with the Court no later than March 11, 2024 at 5:00 p.m. (Eastern Time) as set forth in the Bid Procedures provided that the Stalking Horse Bid shall be subject to higher or better Qualified Bids, in accordance with the terms and procedures of the Bid Procedures; <u>provided that</u> any entity wishing to object to the Stalking Horse Bidder shall file its objection no later than March 15, 2024 at 12:00 p.m. (Eastern Time) ("<u>Objection</u>") with the Court and serve it on the Notice Parties (as set forth in the Bid Procedures, and <u>provided further,</u> in the event an Objection is timely filed and served such Objection cannot be resolved consensually, the Bankruptcy Court will hold a hearing on March 15, 2024 at 4:30 p.m. (Eastern Time) to resolve such Objection; and it is further

**ORDERED**, the Debtor shall have the right, in their reasonable business judgment, in a manner consistent with their fiduciary duties and applicable law, to modify the Bid Procedures, including (a) waive terms and conditions with respect to any Prospective Bidder; (b) extend the deadlines set forth in the Bid Procedures; (c) announce at the Auction modified or additional procedures for conducting the

Auction; and (d) provide reasonable accommodations to the Stalking Horse Bidder, if any, with respect to such terms, conditions, and deadlines of the Bid and Auction process to promote further bids by such bidder on the Property; and it is further

**ORDERED**, all persons and entities (whether or not selected as a Qualified Bidder) that submit a bid for the Debtor's Property during the sale process, including at the Auction, shall be deemed to have knowingly and voluntarily (a) submitted to the exclusive jurisdiction of this Court with respect to all matters related to the terms and conditions of the transfer of the Assets, the Auction, and the Sale; (b) consented to the entry of a final order by the Court in connection with the Motion or this Order (including any disputes relating to the bidding and auction Process, the Auction, and/or any Sale) to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution; and (c) waived any right to jury trial in connection with any disputes relating to the any of the foregoing matters; and it is further

**ORDERED**, notice of the Motion, the Bid Procedures, the Bid Deadline, and the Auction as described in the Motion constitutes good, sufficient and timely notice, and no other or further notice of the Bid Procedures or sale of the Property shall be required, other than service of a copy of this Order by first class mail postage prepaid upon all creditors and parties in interest.

7

DATED:   New York, New York
         February 15, 2024

                                            /s/ Lisa G. Beckerman
                                            HONORABLE LISA G. BECKERMAN
                                            UNITED STATES BANKRUPTCY JUDGE