GOTTESMAN, WOLGEL, FLYNN & WEINBERG, P.C.
11 Hanover Square, 4th Floor
New York, NY 10005
(212) 495-0100
Steven Weinberg, Esq.
Richard B. Demas, Esq.

*Attorneys for AMR Electrical Contracting Corp.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                    Chapter 11

4452 BROADWAY MAZAL LLC,                                 Case No.: 23-11832 (LGB)

                        Debtor.

---------------------------------------------------------------x

**AMR ELECTRICAL CONTRACTING CORP.'S JOINDER
TO BROADWAY CONSTRUCTION GROUP, LLC'S OBJECTION
TO JOINT PLAN OF LIQUIDATION PROPOSED BY 4452 BROADWAY MAZAL LLC
AND 4452 BROADWAY 1 LLC**

AMR ELECTRICAL CONTRACTING CORP. ("AMR") hereby files this joinder (the "Joinder") to *Broadway Construction Group, LLC's Objection to Joint Plan of Liquidation Proposed By 4452 Broadway Mazal LLC and 4452 Broadway 1 LLC* (the "Objection") filed by Broadway Construction Group, LLC ("BCG") to the Joint Plan of Liquidation Proposed by 4452 Broadway LLC ("Debtor") and 4452 Broadway 1 LLC ("Secured Lender") [Docket No. 76] (the "Plan"), and in support of its objection, respectfully states as follows:

AMR, a secured creditor of the Debtor, submits this objection ("Objection") to the Joint Plan of Liquidation.

In support of its Objection, AMR represents as follows:

1.      Debtor is the owner of the real property located at 4452 Broadway, New York, New York 10040 (Block 2170, Lots 62 and 400) (the "Property").

2. As Debtor concedes, it obtained a building contract loan to construct a building on the Property.

3. AMR was retained by BCG to provide labor and materials in connection with the work being performed at the Property.

4. AMR filed a proof of claim in the amount of $31,595.00 which is secured by a mechanic's lien against the Property.

5. AMR has a current Mechanic's Lien against the Property in the amount of $31,595.00.

6. Debtor, on March 19, 2024, amended its Schedule A/B to add an $1,002,966.98 ("Returned Funds") in additional cash that, according to Debtor, was returned from the Blaikie & Co.

7. Upon information and belief, the Returned Funds were collateral that was deposited by Debtor in consideration of a surety issuing lien discharge bonds for mechanic's liens filed by Moncon Inc., Concrete Support Systems LLC and Men of Steel Enterprises, LLC.

8. Upon information and belief, the mechanic's liens filed Moncon Inc., Concrete Support Systems LLC and Men of Steel Enterprises, LLC expired.

9. Debtor agreed to provide certain information to AMR and BCG in connection with the Returned Funds, including the collateral agreement and source of funds. To date, Debtor has not provided any of this information.

10. Debtor asserts that the Secured Lender claims to have a first-priority security interest in the returned monies due to an alleged UCC financing statement from the mezzanine lender.

11. The Secured Lender has asserted that the mezzanine lender loaned these monies for the particular purpose of seeking to discharge of Moncon Inc., Concrete Support Systems LLC and Men of Steel Enterprises, LLC's mechanic's liens.

12. On March 19, 2024, the plan proponents (the Debtor and the Mortgage Lender) filed a Supplement to Disclosure Statement for Joint Plan of Liquidation Proposed by 4452 Broadway Mazal LLC and 4452 Broadway 1 LLC (the "Supplement") [Docket No. 94].

13. In the Supplement, the plan proponents addressed the receipt of the Returned Funds. They also advised that the Mortgage Lender asserts a first-priority security interest in the Returned Funds and that, the only other party that may also have a claim to the Returned Funds, is Moncon Inc. As a result, the plan proponents claim that "treatment to Creditors and Interest holders under the Plan remain unchanged because there would still be no unencumbered assets to distribute to Creditors." Supplement, p. 2. The plan proponents further advise that the Returned Funds will continue to be held by Debtor's counsel until it can be determined who has a right to the Returned Funds, "whether it be the Mortgage Lender or Moncon Inc." *Id.*

14. AMR is joining in BCG's Objection for the same reasons and the same positions stated therein.

15. AMR objects to confirmation of the Plan to the extent that confirmation would abrogate the rights of AMR and other General Unsecured Creditors in and to the Returned Funds.

16. Although the Mortgage Lender has asserted a first-priority security interest in the Returned Funds, it is not clear that the Debtor granted the Mortgage Lender a security interest therein, and, even if it did, it is questionable whether the Mortgage Lender properly perfected that security interest. It is equally unclear whether Moncon Inc. has any rights in and to the Returned Funds that are superior to that of AMR and the other General Unsecured Creditors.

17. If the collateral originated from the proceeds of the construction loan issued by the Secured Lender, the Returned Funds would be proceeds of the construction loan, and under New York law, be considered Lien Law Article 3-A trust funds. *See Aquilino v United States*, 10 N.Y.2d 271 (N.Y. 1961). *See also*, *Raisler Corp. v Uris 55 Water St. Co.*, 91 Misc.2d 217 [Sup. Ct. N.Y. County 1977]

18. Thus, the plan proponents' assertion in the Supplement that "treatment to Creditors and Interest holders under the Plan remain unchanged because there would still be no unencumbered assets to distribute to Creditors", is presently unknown and may be inaccurate. Supplement, p. 2. So is the statement that the Returned Funds will ultimately be distributed to either the Mortgage Lender or Moncon Inc. *See* Supplement, p. 2.

19. AMR therefore seeks a reasonable opportunity to obtain and review the documentation it has requested and any additional documents necessary to complete its review and to challenge the Mortgage Lender's, Moncon Inc.'s, lienors and/or unsecured creditors' asserted rights in and to the Returned Funds.

20. Accordingly, AMR respectfully requests that, if the Court is inclined to confirm the Plan, a provision be included in the confirmation order requiring the secured lender to pay the Mortgage Lender Payables as and when due until such time as a determination of the parties' rights in and to the Returned Funds.

WHEREFORE, AMR Electrical Contracting Corp. respectfully requests that, if the Court is inclined to confirm the Plan, provisions be included in the confirmation order consistent with this Objection and grant such other further relief as this Court deems just and proper.

Dated: New York, New York
March 25, 2024

_____
Richard B. Demas